# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME A. KIRK, | : | Civil No. 1:25-CV-00244 |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES OF AMERICA[1], | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Jerome A. Kirk ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S. C. § 2241 challenging the Bureau of Prisons' ("BOP") determination to not apply his earned time credits under the First Step Act ("FSA") because his recidivism rating is too high. (Doc. 1.) For reasons set forth below, the court will dismiss the petition.

### PROCEDURAL HISTORY

On February 6, 2025, the court received and docketed Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner provides no information regarding his underlying criminal conviction. (Docs. 1, 2.) On February 10, 2025, the court entered an administrative order directing

---

[1] Pursuant to *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), the respondent to a Section 2241 petition must be a person, and the United States is not a person. The Third Circuit has upheld the general rule that in a § 2241 petition, the Petitioner "should name his warden as respondent and file the petition in the district of confinement." *Anariba v. Director Hudson County Correctional Center*, 17 F.4th 434, 444 (3d Cir. 2021) (citing *Padilla*, 542 U.S. at 441). However, since the petition cannot succeed against a proper respondent, the court will not require Petitioner to amend his petition and will instead proceed with the Rule 4 screening.

1

Petitioner to pay the filing fee or file an application to proceed *in forma pauperis*. (Doc. 4.) On March 17, 2025, the court received Petitioner's filing fee in full. Petitioner is currently housed in the Federal Correctional Institution-Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania.

The court will now screen the petition pursuant to Rule 4.

## VENUE

A § 2241petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Petitioner is housed at FCI-Allenwood in Union County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). Therefore, this district is the proper venue for the action.

## DISCUSSION

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. *See id.* § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their

risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. *See id.* § 3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible for earned time credits. *See id.* § 3632(d)(4)(D). Here, there is no information concerning Petitioner's underlying criminal conviction. Therefore, the court will proceed without making a determination as to whether or not Petitioner is eligible to earn time credits under the FSA. Regardless, based solely on the allegations in the petition, Petitioner is ineligible to have any earned time credits applied to his sentence.

If time credits under the FSA are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g). Among other requirements, to be eligible for the application of his earned time credits, a prisoner must: (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2) demonstrate through periodic risk assessments a recidivism risk reduction or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and, (4) as pertains to prerelease custody, have been determined under the System to be a minimum or

low risk to recidivate pursuant to the last two reassessments of the prisoner or have had a petition to be transferred to prerelease custody approved by the warden of the prison. *See id.* § 3624(g)(1); *see also* 28 C.F.R. § 523.44(b), (c).

Here, Petitioner is arguing that the BOP is erroneously applying 18 U.S.C. § 3624(g). This argument is without merit.

Petitioner is required to demonstrate through periodic risk assessments a recidivism risk reduction or to maintain a minimum or low recidivism risk to have his earned time credits applied to his sentence. Section 3632(d)(4)(C) states the following:

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C). Therefore, the determination whether prisoners are eligible to have their earned time credits applied towards their sentences is dictated by 18 U.S.C. § 3624(g). Section 3624(g) defines an eligible prisoner as one who, among other requirements, "has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B).

Here, Petitioner acknowledges that he does not have a low recidivism risk and that he has not reduced his recidivism rate. (Doc. 1.) In fact, he includes his FSA Time Credit Assessment that shows Petitioner had a high recidivism risk rate on October 7, 2022, November 4, 2022, May 3, 2023, October 30, 2023, and April 27, 2024. (Doc. 1-3.) Therefore, Petitioner cannot demonstrate through periodic risk assessments a recidivism risk reduction. As such, the petition will be dismissed.

## Conclusion

For the aforementioned reasons, the court will dismiss Petitioner's complaint and close the case.

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: April 21, 2025